```
East Bay Law
Andrew W. Shalaby sbn 206841
7525 Leviston Avenue
El Cerrito, CA 94530-3306
Tel. (510) 528-8500
Fax: (510) 725-4950
email: andrew@eastbaylaw.com
```

FILED
2018 MAR 12 PM 1:26
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

Attorney for Plaintiff
SPA-KUR THERAPY DEVELOPMENT, INC.;
dba H-E-A-T INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPA-KUR THERAPY DEVELOPMENT, INC., dba H-E-A-T INC., <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, NATIONAL ASSOCIATION; CITIBANK, N.A.; WAKEFERN FOOD CORP.; THERMOSEAL, LLC; DIAMOND BANK, PLC; UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | Case No.  18CV0522 H JLB <br><br> COMPLAINT FOR: <br><br> 1. MAIL AND INTERNET FRAUD (28 U.S.C. § 1341); <br><br> 2. NEGLIGENCE; <br><br> 3. QUI TAM (31 U.S.C. § 3279) <br><br> (Filed under seal) |

## I. JURISDICTION

1. This case arises under Federal question Jurisdiction in relation to the mail and internet fraud claims pursuant to 28 U.S.C. § 1341, and the False Claims Act pursuant to 31 U.S.C. § 3279. This Court has jurisdiction under 28 U.S.C. § 1331.

2. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The principle place of business of the plaintiff is located in San Diego, California. The

**Initial complaint**                    1                    case number

principal place of business for of the named defendants are outside of the State of Illinois. The citizenship of all the defendants named in this action are outside of the state of California. The defendants are all incorporated outside of the California. Bank of America N.A. is incorporated in North Carolina. Citibank N.A. is incorporated in New York or otherwise outside of the State of California. Wakefern Food Corp. is incorporated in New York. Thermoseal LLC is incorporated in Connecticut. The amount in controversy exceeds $75,000.

3. This Court has supplemental jurisdiction over the State law claims under 28 U.S.C. § 1367.

### VENUE

4. The injury at issue occurred in San Diego, California, therefore venue is proper in this Court pursuant to 28 U.S. § 1391(b)(2).

### PARTIES

5. Plaintiff, SPA-KUR THERAPY DEVELOPMENT, INC., dba H-E-A-T INC. (hereinafter "Plaintiff,,), is a business entity incorporated under the laws of the State of California.

6. Defendant, BANK OF AMERICA, NATIONAL ASSOCIATION (hereinafter "BofA,,), is a corporate bank entity in which Plaintiff had its checking account, which was the subject of fraudulent activities described below.

7. Defendant, CITIBANK, N.A., is a corporate or LLC-held bank entity in which a fraudulent wire transfer went out of Plaintiff's BofA checking account, and into CITIBANK, N.A., in which the perpetrator of the fraudulent activities had a bank account set up.

8. Defendant, WAKEFERN FOOD CORP. ("WAKEFERN,,), was identified as the drafter of a check in the amount of $83,878.28 to Plaintiff, as further recited below.

---

**Initial complaint**            2            case number

9. Defendant, THERMOSEAL, LLC ("THERMOSEAL„), was identified as the drafter of a check in the amount of $104,480 to Plaintiff, as further recited below.

10. Defendant, DIAMOND BANK, PLC, was identified as the holder of the Citibank account which received the wire transfers referenced above. It is believed that the funds were transferred from BofA to CITIBANK, N.A., and paid by CITIBANK, N.A. to DIAMOND BANK, PLC.

11. Defendant, UNITED STATES DEPARTMENT OF JUSTICE ("DOJ„), is named as a party under the False Claims Act ("FCA„ - a qui tam action). Plaintiff has served its complaint under the FCA to DOJ under seal as required by 31 U.S.C. § 3730(b)(1), (2). DOJ is named for the purpose of entry into the docket and noticing of filings. DOJ has a initial period of 60 days to investigate the allegations and elect whether or not to intervene in the litigation. (*Id.* at § 3230(b)(2), (3).

**I. FIRST CAUSE OF ACTION FOR MAIL AND INTERNET FRAUD PLEADED AGAINST WAKEFERN, THERMOSEAL, AND DIABMOND BANK (28 U.S.C. § 1341)**

12. Plaintiff informs WAKEFERN and THERMOSEAL that he is aware it is possible a perpetrator falsely identified these two entities as drafters of the fraudulent checks subject to this action, and respectfully informs said Defendants that the fraud allegations are pleaded solely for investigative and determinative purposes because the checks facially identify these defendant entities as drafters.

13. Plaintiff was contacted by a fraud perpetrator, alleging to be the following:

KOMATSU LIMITED
2-3-6 Akaska, Minato-ku
Tokyo, 107-8414, Japan
Representative 1: Masano Mori, email: masanmori@komatsuinc.com
Representative 2: Allen Breton, email: allen@bretoninvestment.com

Said perpetrator solicited a business relationship with Plaintiff in which Plaintiff

---

**Initial complaint**          3          case number

would receive monies from perpetrator, deposit them into the bank, wait for the funds to clear its account, then retain $5,000 per transaction as Plaintiff's profit and wire the remainder of the funds to entities designated by the perpetrator as legitimate business affiliate recipients. Under this scheme, the deposits did in fact clear the account, wire transfers were made by Plaintiff, then several days or weeks thereafter BofA contacted Plaintiff and advised that the checks were fraudulent and demanded payment of the monies back from the plaintiff.

14. On or about December 15, 2017 Plaintiff received a check in the amount of $83,878.28, dated "04-DEC-2017", identifying WAKEFERN as the drafter, made payable to "HEAT INCORPORATED,", and deposited the check into Plaintiff's BofA account. A true and correct copy of the check is attached as **Exhibit A** hereto.

15. The $83,878.28 check cleared at BofA after approximately 5 days. Once the check cleared, Plaintiff verified with BofA that the check had cleared and funds were available to wire to a business entity named "DIAMOND BANK PLC,, via CITIBANK, N.A. A true and correct copy of said transfer is attached as **Exhibit B** hereto.

16. On or about January 11, 2018 Plaintiff received a check in the amount of $104,480, dated December 28, 2017, identifying THERMOSEAL as the drafter, made payable to "HEAT INCORPORATED,", and deposited the check into Plaintiff's BofA account. A true and correct copy of the check is attached as **Exhibit C** hereto.

17. The $104,480, check cleared at BofA after approximately 4 days. Once the check cleared, Plaintiff verified with BofA that the check had cleared and funds were available to wire to a business entity named "DIAMOND BANK PLC,, via CITIBANK, N.A. A true and correct copy of said transfer is attached as **Exhibit D** hereto.

18. Based on the above facts, Plaintiff pleads and alleges that Defendants

---

**Initial complaint**          4          case number

WAKEFERN, THERMOSEAL, and DIAMOND BANK PLC, have perpetrated mail and internet fraud, and actual fraud under the laws of the Stat of California, and therefore must be held accountable for civil and criminal liability for said acts of fraud. Plaintiff reiterates its uncertainty as to whether WAKEFERN and THERMOSEAL were actual culprits, or victims, and will ascertan same through the discovery process.

### SECOND CAUSE OF ACTION FOR NEGLIGENCE AGAINST ALL DEFENDANTS EXCEPT DIAMOND BANK PLC

19. Defendant BofA informed Plaintiff, before the above deposits were made, that it had records of many deposits from WAKEFERN and from THERMOSEAL. Defendant BofA had a policy of holding large checks for a period of approximately 3 days to assure that the checks deposited were non-fraudulent and had funds backing them. For this reason, BofA had and has a policy of not providing access to said deposited funds for a period of approximately 3 days, to assure that the checks were legitimate, non-fraudulent, and had cleared the bank on this basis. BofA held the funds for a period exceeding 3 days before it provided access to Plaintiff. Plaintiff went into the bank and confirmed that the checks were non-fraudulent, and that the funds had cleared. Plaintiff therefore inquired with BofA as to validity of the checks before deposit, received written notification of validity of the checks and clearance of the funds, and diligently inquired and received yet another confirmation of same prior to wiring funds to CITIBANK, N.A., the holder of the DIAMOND BANK, PLC account, for deposit into the account of DIAMOND BANK, PLC.

20. Defendant BofA was negligent in failing to inquire as to validity of the checks until after Plaintiff had already relied upon its representations of good funds.

21. Defendant BofA was GROSSLY NEGLIGENT in failing to inquire as to validity of the checks until after Plaintiff had already relied upon its representations of good funds.

---

**Initial complaint**            5            case number

22. The negligence of defendant BofA caused Plaintiff to suffer losses and liability for the full amounts of the above-stated checks, for bank service charges, and for other costs and fees related to the above two fraudulent checks and removal of funds from his accounts, including his own personal funds in the many thousands of dollars.

23. Defendant CITIBANK, N.A. was negligent for setting up a bank account for the fraud perpetrator and fraudulent entity DIAMOND BANK, PLC.

24. Defendant CITIBANK, N.A. was negligent for releasing the above-stated funds to DIAMOND BANK, PLC without first assuring that the entity was an actual, non-fraudulent, legitimate entity and bank customer

25. Defendant CITIBANK, N.A. was GROSSLY NEGLIGENT for setting up a bank account for the fraud perpetrator and fraudulent entity DIAMOND BANK, PLC, and for releasing the funds to the fraud perpetrator DIAMOND BANK, PLC.

26. Defendants WAKEFERN and THERMOSEAL were both negligent for allowing the fraud perpetrator and/or DIAMOND BANK, PLC (whomever it may be) to have access to their checks, checking information, and authorized signatory's signature, to enable use of its checks and checking account by the perpetrator.

WHEREFORE, Plaintiff prays for judgment against Defendants BofA, CITIBANK, N.A., WAKEFERN, and THERMOSEAL, jointly and severally, for all actual, general, special, and ascertainable damages based on their above-pleaded negligence, for costs, for attorney's fees, and for such other and further relief as the Court deems proper, including implementation of procedural safeguards to prevent re-occurrence of such fraudulent acts in the future.

### THIRD CAUSE OF ACTION UNDER FALSE CLAIMS ACT AGAINST UNITED STATES DEPARTMENT OF JUSTICE

As stated above, no cause of action is ripe at this time against DOJ, and Plaintiff is following the procedures specified above. DOJ is therefore named only to reserve

it's status as a party and to provide notification until such time as the complaint under seal ripens for filing. DOJ need not file any appearance at this time unless it wishes to do so.

Dated: March 12, 2018

s/Andrew W. Shalaby
Andrew W. Shalaby, Attorney for Plaintiff

**Initial complaint**        7        case number