UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPA-KUR THERAPY DEVELOPMENT, INC., doing business as H-E-A-T Inc., <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, NATIONAL ASSOCIATION; CITIBANK, N.A.; WAKEFERN FOOD CORP.; THERMOSEAL LLC; and DIAMOND BANK, PLC, <br><br> Defendants. | Case No.: 18-CV-522 JLS (JLB) <br><br> **ORDER: (1) GRANTING DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS; AND (2) GRANTING BANK OF AMERICA, N.A.'S MOTION TO DISMISS** <br><br> (ECF Nos. 8, 17) |

Presently before the Court is Defendant Citibank, N.A.'s Motion to Dismiss ("Citibank MTD," ECF No. 17). Plaintiff filed an Opposition in Response to ("Citibank Opp'n," ECF No. 19), and Citibank filed a Reply in support of ("Citibank Reply," ECF No. 21), Citibank's Motion. Also before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss ("BANA MTD," ECF No. 8). Plaintiff did not file an opposition. After considering the parties' arguments and the law, the Court **GRANTS** both motions.

## BACKGROUND

Sometime in 2017, Komatsu Limited, a Japanese business, reached out to Plaintiff Spa-Kur Therapy Development, Inc., dba H-E-A-T Inc., with an unsolicited business

proposition. Complaint ("Compl.") ¶13, ECF No. 1. Komatsu proposed a business relationship in which Plaintiff would receive checks from various businesses, deposit those checks into its bank account, keep $5,000 of each check as profit, and wire the remainder of the funds to bank accounts designated by Komatsu; Plaintiff agreed to the deal. *Id.*

Plaintiff received the first check on or about December 15, 2017. *Id.* ¶ 14. Defendant Wakefern Food Corp. allegedly wrote the check, made payable to Plaintiff in the amount of $83,878.28. *Id.* The check cleared five days after Plaintiff deposited the check into its Bank of America, N.A. ("BANA") account. *Id.* ¶ 14–15. After confirming the check cleared, Plaintiff wired $79,500 to a Citibank account set up in the name of a Nigerian bank, Defendant Diamond Bank PLC, on January 3, 2018. *Id.* ¶ 15; Ex. B, ECF No. 1-2.

Plaintiff received a second check on or about January 11, 2018. Compl. ¶ 16. Defendant Thermoseal LLC. allegedly wrote this check in the amount of $104,480. *Id.* Plaintiff deposited this check and, on January 19, 2018, Plaintiff wired $99,000 of the funds to Diamond Bank's Citibank account. *Id.* ¶¶ 16–17; Ex. D, ECF No. 1-3. Several days later, BANA determined that the checks were counterfeit. *See* Compl. ¶ 19.

Plaintiff filed its Complaint on March 12, 2018. *See generally id.* Plaintiff brings claims against Wakefern, Thermoseal, and Diamond Bank for mail and internet fraud under section 1341 of Title 28 of the United States Code, *id.* ¶¶ 12–18, and against Citibank and BANA under common law negligence.[1] *Id.* ¶¶ 19–26. Defendants BANA and Citibank each move to dismiss the claims against them. *See generally* BANA MTD; Citibank MTD.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint

---

[1] Plaintiff has voluntarily dismissed its third cause of action against the United States Department of Justice under the False Claims Act. *See* ECF No. 9.

states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), it does "require[] more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## DISCUSSION

## I. Citibanks's Motion to Dismiss

The elements of a negligence cause of action are (1) duty; (2) breach of duty; (3) causation; and (4) damages. *Koepke v. Loo*, 18 Cal. App. 4th 1444, 1448–49 (1993). Citibank argues that Plaintiff cannot show that Citibank owed it a duty as a matter of law. Citibank MTD at 6. Plaintiff contends that Citibank negligently set up the Diamond Bank account, which created a duty of care, and that Citibank's authorities do not stand for the proposition that Citibank owes no duty in this case. Citibank Opp'n at 1.

Under California law, a bank owes no duty of care to a non-depositor "absent extraordinary and specific facts" showing danger signs of a fraudulent scheme. *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 479 (1996). Here, Plaintiff was not a depositor at Citibank and, therefore, no contractual relationship existed between the parties that created a duty of care. Plaintiff has failed to show any "extraordinary and specific facts" that Citibank knew of the fraudulent scheme that would nevertheless create a duty. Although Plaintiff alleges in its Opposition that "Citibank told [Plaintiff] it was aware of the 'DIAMOND BANK' scam," Citibank Opp'n at 2, that allegation is absent from the Complaint and is not supported with any details that would give rise to an inference that the "circumstances [were] sufficiently suspicious" to raise "danger signals" that would create an obligation on Citibank to investigate further. *See Software Design*, 49 Cal. App. 4th at 480.

Moreover, California law is clear that a bank is under no duty to supervise the activity of account holders. *See, e.g.*, *Ghlachi v. U.S. Bank, N.A.*, No. CV 14-6619 PSG (CWx), 2015 WL 12655411, at *8 (C.D. Cal. Apr. 29, 2015) ("[T]here is no implied duty to supervise account activity or to inquire into the purpose for which the funds are being used.") (citation omitted); *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532 (1998) ("The relationship of bank and depositor is founded on contract, which . . . does not involve any implied duty to supervise account activity or to inquire into the purpose for which the funds are being used."). Citibank had no duty to inquire into Diamond Bank's activities or to disclose any such activity to Plaintiff, a third party to whom Citibank owed no duty. *See Chicago Title Ins. Co. v. Super. Ct.*, 174 Cal. App. 3d 1142, 1159 (1985) (holding bank had no duty to inform non-depositor of the bank's suspicions that a customer was involved in fraudulent scheme).

Although not raised by Citibank, it appears likely that the economic loss doctrine, under which "plaintiffs may recover in tort for physical injury to person or property, but not for 'purely economic losses that may be recovered in a contract action,'" also precludes Plaintiff's negligence claim. *See Lusinyan v. Bank of Am., N.A.*, No. CV-14-9586 DMG

(JCX), 2015 WL 12777225, at *4 (C.D. Cal. May 26, 2015) (quoting *S.F. Unified Sch. Dist. v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1327 (1995)) (citing *Minkler v. Apple, Inc.*, No. 5:13–CV–05332–EJD, 2014 WL 4100613, at *6 (N.D. Cal. Aug. 20, 2014)); *see also Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*, 315 Fed. App'x 603, 605 (9th Cir. 2008) ("In actions for negligence in California, recovery of purely economic loss is foreclosed in the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule."). Here, Plaintiff has not alleged any facts that indicate injury other than the monetary loss it suffered from depositing the fraudulent check. The economic loss doctrine therefore bars Plaintiff's negligence cause of action.

Accordingly, the Court **GRANTS** Defendant Citibank's motion to dismiss (ECF No. 17) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim against Defendant Citibank.

## II.    Bank of America's Motion to Dismiss

In the Ninth Circuit, a district court may properly grant a motion to dismiss for failure to respond if dismissal is pursuant to a local rule. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). According to the Southern District's local rules, an opposition must be filed 14 days prior to the noticed hearing. Civ. L.R. 7.1(e)(2). "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. L.R. 7.1(f)(3)(c). Here, the hearing on BANA's Motion was set for July 26, 2018. ECF No. 8. Plaintiff's opposition was therefore due by July 12, 2018. Plaintiff requested an extension of time until "mid-July" to file its Opposition, which the Court denied because the due date was already in mid-July. ECF No. 15. Plaintiff failed to file its Opposition by the due date. Although public policy favors disposition of cases on their merits, *see Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998), a case cannot move forward toward

resolution on the merits when the plaintiff fails to defend his complaint against a motion to dismiss, despite the opportunity to do so.

Moreover, on the merits, Plaintiff's negligence claim against BANA would fail for the same reasons its claim fails against Citibank. BANA owed no duty of care to monitor Plaintiff's accounts, no duty to investigate the authenticity of the checks, and no duty to investigate the wire transfers. Further, the economic loss doctrine bars Plaintiff's claims.

Accordingly, the Court **GRANTS** Defendant BANA's unopposed motion to dismiss (ECF No. 8) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim against Defendant BANA.

**CONCLUSION**

Based on the foregoing, the Court (1) **GRANTS** Citibank's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint as it pertains to Citibank, and (2) **GRANTS** BANA's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint as it pertains to BANA. Although the Court has serious doubts that Plaintiff will be able sufficiently to amend its Complaint to state a valid negligence cause of action against these Defendants, the Court nonetheless **GRANTS** Plaintiff leave to amend its Complaint. Plaintiff **MAY FILE** an amended complaint, if any, <u>on or before thirty days from the date this Order is electronically docketed.</u> Failure timely to file an amended Complaint by the deadline may result in dismissal of Plaintiff's claims.

**IT IS SO ORDERED.**

Dated: March 8, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

18-CV-522 JLS (JLB)